# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:04cr26-RH/WCS

RAMON ODIN LAGOS-MURILLO,

    Defendant.

_____/

## ORDER DENYING MOTION FOR CREDIT FOR
## TIME HELD IN STATE CUSTODY

    Defendant Ramon Odin Lagos has submitted a letter directly to the judge requesting credit on his federal sentence for time held in state custody prior to imposition of the federal sentence.

    The letter does not indicate that a copy has been provided to the attorney for the government.  It is improper for a party to attempt to communicate with the court without providing a copy of the communication to the attorney for the opposing party.

    It also is improper for a party to seek relief by letter to the judge rather than by filing with the clerk of the court a pleading or motion in the form required by Local Rule 5.1.  There are good reasons for this rule.  The clerk maintains a record

of, and tracks the status of, any motion, but the clerk of course cannot do this for letters sent directly to the judge; by placing a request for action in a letter to the judge (thus bypassing the clerk), a party imposes on the judge the administrative burden of filing and tracking that properly rests with the clerk. With many hundreds of pending cases, a judge simply cannot be responsible for doing his or her own filing and case tracking; a judge who attempted to take on that burden would have no time left actually to consider the many motions that are submitted daily.

Moreover, even if properly submitted by motion, the request set forth in defendant's letter would not be granted at this time. Determining credit on a federal sentence is the job of the Bureau of Prisons in the first instance. *See, e.g., Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992). Bureau determinations are subject to judicial review, but only after exhaustion of administrative remedies. *See, e.g., United States v. Lucas*, 898 F.2d 1554 (11th Cir. 1990). Defendant's letter gives no indication that administrative remedies within the Bureau of Prisons have been properly exhausted.

For these reasons,

IT IS ORDERED:

1. The clerk shall docket defendant's letter as a motion for credit on his federal sentence for time held in state custody. The motion is denied without

prejudice for failure to establish exhaustion of administrative remedies.

2. Defendant shall submit no further letters to the judge. Any request for relief shall be made by motion in form complying with Local Rules 5.1 and 7.1.

SO ORDERED this 10th day of May, 2005.

s/Robert L. Hinkle<br>
Chief United States District Judge