IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.    4:04cr26-RH
    4:08cv9-RH/WCS

RAMON ODIN LAGOS-MURILLO,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON MOTIONS

    Defendant, proceeding pro se, filed a motion titled:

    Motion for Relief from Judgment / Modification
    Of Judgment Pursuant to Rule 60(b)(6)
    Federal Rules of Civil Procedure
    Invoking the Liberal Pleading
    And Construance [sic] Doctrine

THE LAMENTATION OF A HOMOSAPIEN ON THE MOST DEEP PLACE ON EARTH. Doc. 100 (quotation marks omitted).  He also filed a "Motion of Lamentation," also bearing the title "THE LAMENTATION OF A HOMOSAPIEN ON THE [MOST] DEEP PLACE ON EARTH."  Doc. 101 (underscore omitted).

    Regardless of how Defendant phrases his request, he is not entitled to any relief. It is clear from his arguments that Defendant seeks relief from the judgment imposing sentence.  "Rule 60(b) simply does not provide for relief from judgment in a criminal

case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (quoting Mosavi).

Defendant is in custody, and "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and any remedy must therefore be sought pursuant to 28 U.S.C. § 2255.  § 2255; United States v. Brown, 117 F.3d 471, 475 (11th Cir.1997) (because defendant was in custody, "§ 2255 was his exclusive remedy.").

Defendant has already been denied § 2255 relief.  Docs. 80, 85 and 86 (report and recommendation as adopted by the court and judgment entered on August 31, 2007).  A certificate of appealability for appeal was denied by this court and the Eleventh Circuit.  Docs. 90 and 99.  He must therefore obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion.  § 2255 ¶ 8 (referencing § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").  Authorization has not been granted, and this court lacks jurisdiction to consider the claims.

To the extent Defendant's Rule 60(b) motion could possibly be construed as seeking relief from the judgment denying § 2255 relief,[1] it should be summarily

---

[1] Defendant argues that a certificate of appealability was denied though "they were well aware of the illegal process toward Mr. Odin Lagos, from this "POWERFUL GOVERNMENT."  Doc. 100, p. 7.  He does not make any specific argument or attack the judgment denying § 2255 relief.

dismissed. In this context, a purported Rule 60(b) motion containing one or more "claims" for relief from the judgment of conviction -- whether a change in substantive law governing the claim, a new ground for relief, or challenging the prior resolution on the merits – is in substance a successive petition and should be treated accordingly. *See* Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 2647-48, 162 L.Ed.2d 480 (2005) (applying this rationale in the context of a Rule 60(b) motion seeking relief from a 28 U.S.C. § 2254 judgment) (citations omitted).[2]

It is therefore respectfully **RECOMMENDED** that Defendant's motions, docs. 100 and 101, be **SUMMARILY DISMISSED** as authorization for filing a second or successive § 2255 motion has not been granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 17, 2008.


 S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] The Eleventh Circuit's opinion (before the Court in that case) had addressed claims brought by two § 2254 petitioners (Gonzalez and Mobley) and one § 2255 movant (Lazo), and found no difference between §§ 2254 and 2255 for purposes of Rule 60. Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1262 (11th Cir. 2004). Lazo, the only § 2255 movant, did not seek certiorari review. The Supreme Court expressly limited its opinion to the application of Rule 60 in habeas proceedings under 28 U.S.C. § 2254. Gonzalez, 125 S.Ct. at 2646, n. 3.